Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 200515-85064
DATE: September 30, 2021

ORDER

Entitlement to service connection for hearing loss with an effective date prior to January 8, 2020 is denied.

FINDING OF FACT

There is no evidence of record, nor has any additional probative evidence been received, that shows entitlement to service connection for bilateral hearing loss prior to January 8, 2020.

CONCLUSION OF LAW

The criteria for entitlement to service connection for hearing loss with an effective date prior to January 8, 2020 have not been met. 38 U.S.C. § 1111, 1110, 5107, 5110; 38 C.F.R. §§ 3.102, 3.156, 3.303, 3.304, 3.385, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Navy from September 1977 to September 1981.

This matter comes before the Board of Veterans' Appeals (Board) from a rating decision issued in April 2020 constituting an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for hearing loss with an effective date prior to January 8, 2020

The Veteran contends he is due entitlement to service connection for his bilateral hearing loss prior to January 8, 2020, the effective date that was issued when the Veteran was first found service connected for his hearing loss.

Impaired hearing is considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Here, the Veteran's service treatment records (STRs) shows a significant threshold shift in his hearing during service. The first audiogram, performed in November 1977, showed Puretone threshold levels for the Veteran at a loss of 5 decibels (dB) at 500 Hertz (Hz), 1000 Hz, 2000 Hz, 3000 Hz, and 4000 Hz on the left and right ear. The second audiogram, performed at the Veteran's separation exam in September 1981, showed the Veteran's right ear to have 25 dB loss at 500 Hz, 20 dB loss at 1000 Hz, 10 at 2000, 10 at 3000, and 10 at 4000. In the left ear, the Veteran had decibel loss of 25 at 500 Hz, 25 at 1000, 25 at 2000, 40 at 3000, and 50 at 4000. The examiner at the separation examination stated that the Veteran experienced significant threshold shifts in his hearing during service.

The Veteran also has VA treatment records from the Phoenix VA medical center (VAMC) showing the Veteran receiving treatment for his sensorineural hearing loss as early as 2009.

The VA treatment records show that the Veteran had an August 2009 audiology consultation, September 2009 VA otolaryngology consultation, and a September 2009 VA audiology consultation that all reported a diagnosis of sensorineural hearing loss and refer to apparently valid audiogram results. The records from 2009 show consistent reports from the Veteran that he had a history of noise exposure due to his active duty service in the US Navy. The consultations also found the Veteran to be eligible for VA hearing aid services. Unfortunately, while these VA treatment records diagnosed the Veteran's sensorineural hearing loss, the Puretone threshold tests and audiograms from these consultations could not be obtained.

The VA treatment records have consistent reports from 2011 through 2020 that list sensorineural hearing loss as an active problem. The VA treatment records also note the Veteran's appointments to discuss his hearing aids and make sure the Veteran understands how to use them correctly.

In August 2013, the Veteran was afforded a VA examination for his hearing loss. The examiner stated that the left and right ear Puretone threshold testing could not be completed. While the threshold testing was not done, the examiner still stated that the test results were not valid for VA rating purposes. The examiner also stated that both the right and left ear exhibited normal hearing and a medical opinion could not be provided regarding the etiology of the Veteran's hearing loss without resorting to speculation. The examiner did note the Veteran's lay statements, in which he claimed he was exposed to shipboard noise, aircraft, and all kinds of firearms while on active duty. The examiner did not mention any of the VA treatment records or the Veteran's STRs which show significant threshold shifts in hearing and a diagnosis of sensorineural hearing loss. The Board found this examination to be clearly inadequate. 

In January 2020, the Veteran was afforded a new VA examination. The examination conducted both right and left ear Puretone threshold examinations. The right ear showed the Veteran's dB loss to be 60 at 1000 Hz, 75 dB at 2000 Hz, 80 dB at 3000 Hz, and 80 at 4000 Hz, for an average of 73.75. The left ear showed 75 dB at 1000, 90 at 2000, 90 at 3000, and 95 at 4000, for an average of 87.5. Speech discrimination scores using the Maryland CNC Word List were also performed. The right ear was evaluated to be 88 percent while the left ear was found to be 64 percent. The examiner stated that both the right and left ear had sensorineural hearing loss and significant changes in hearing thresholds while in service. The examiner opined that the Veteran's bilateral hearing loss was at least as likely as not caused by or a result of an event in military service. The examiner's rationale stated that the comparison of hearing tests in service showed significant threshold changes during his time on active duty. The examiner also stated that the Veteran's left ear demonstrated significant threshold shifts in all frequencies, from 500 Hz to 6000 Hz, while the right ear show significant threshold shifts from 500 to 1000 Hz. Finally, the examiner noted that the Veteran was exposed to loud noise during his time in service and exposure to such noise is known to cause hearing loss. therefore, the current bilateral hearing loss is at least as likely as not due to hazardous noise exposure during military service.

The RO, in April 2020, awarded service connection for the bilateral hearing loss, due to the fact that the most recent VA examination showed an objective indication of hearing loss and offered a positive nexus, linking the hearing loss to the Veteran's military service. As such, the RO used the January 2020 examination to set the effective date of its grant of service connection for the hearing loss because that was the date that hearing loss was objectively indicated and linked to the Veteran's service. As articulated above, the effective date for a claim for an increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. The dispositive finding in the present case is the date entitlement arose. 

There is no regulatory definition of the phrase "date entitlement arose." However, in Wright v. Gober, 10 Vet. App. 343 (1997), the phrase "date entitlement arose" was found to be similar to the phrase "facts found." This case, along with the regulatory context, strongly suggest that the "date entitlement arose" is the date on which the facts in the case demonstrate that the entitling criteria are first met. The entitling criteria for a claim are frequently met on or before the date of claim based on the lay, medical, and other information presented during the entire process of claim development. When applying the general rule, the assignment of an effective date based on date entitlement arose being later than the date of receipt of the claim is only appropriate when the evidence clearly establishes that the entitling criteria were not met as of the date of receipt of the claim.

(Continued on the next page)

 

For VA rating purposes, the criteria for hearing loss are mechanically applied under 38 C.F.R. § 3.385. The Veteran was first able to establish "impaired hearing" as defined by the VA in 38 C.F.R. § 3.385 in January 2020. Although the Veteran's representative provided argument in January 2021 to the effect that there is medical evidence as early as September 12, 2013 showing that the Veteran had hearing loss, that evidence does not contain the audiogram results necessary to establish hearing loss for VA purposes as provided in 38 C.F.R. § 3.385. Therefore, entitlement to service connection for bilateral hearing loss prior to January 8, 2020 is denied.

The Board is grateful for the Veteran's honorable service. However, given the record before it, the Board finds that the evidence supporting this claim does not rise to a level of equipoise. See Skoczen v. Shinseki, 564 F.3d 1319, 1323-29 (Fed. Cir. 2009). Rather, the preponderance of the evidence is against finding that the Veteran deserves entitlement to service connection for his bilateral hearing loss prior to January 8, 2020. 38 C.F.R. §§ 3.303, 3.304, 3.385. For these reasons, the benefit-of-the doubt standard of proof does not apply, and the claim for entitlement to service connection must be denied. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

David Gratz

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E.L. Aumiller, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.